[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action alleging that a company in Texas, which is not a party to this lawsuit obtained the services of Wrap It Up (the "defendant"), to ship equipment to Connecticut. The complaint further alleges that the defendant obtained the services of the defendant UPS to ship the goods which were then lost in transit. The defendant has filed a Motion to Dismiss the action asserting that the Court lacks personal jurisdiction. The supporting affidavit filed on behalf of the defendant states that the defendant is a sole proprietorship with its only office/store in Texas. The affidavit further states, that CT Page 2431 an employee of the Texas company came into the store with a sealed pre-addressed package and asked that it be sent by United Parcel Service to the Connecticut address listed on the package. The package was handed by a representative of the defendant to a representative of United Parcel Service.
The plaintiff claims that any jurisdictional defects were waived because the Motion to Dismiss was not filed within the thirty day period as provided in General Statutes Section 142. A review of the file establishes an appearance was filed on behalf of the defendant on November 26, 1991. On December 26, 1991, and therefore was in the thirty day period, the defendant requested an Extension of Time to January 26, 1992 within which to plead. The Motion for an Extension of Time was granted by the Court and accordingly, on January 22, the defendant filed the Motion to Dismiss. The Motion to Dismiss was filed within the time period allowed under the extension of time granted by the Court, and the defendant therefore, has not waived any jurisdictional defects.
General Statutes Section 52-59b(a)(1) provides that the Court may exercise personal jurisdiction over a cause of action arising out of the actions of a non-resident individual who "Transacts any business within the State". Under our law it is the plaintiff who bears the burden of establishing facts necessary to support existence of personal jurisdiction. Lombard Bros., Inc. v. General Assets Management, 190 Conn. 245, 250 (19__). While "a single purposeful business transaction" might be sufficient to confer jurisdiction, Courts do not apply a rigid formula but balance considerations of public policy, common sense and the chronology and geography of the relevant factors. Gaudio v. Gaudio, 23 Conn. App. 287,298 (1990). The facts as they appear before the Court, the defendant accepted a sealed, pre-addressed package with the request to be sent to Connecticut by United Parcel Service. Accordingly, the Court rules that the activities of the defendant do not constitute the transaction of business within the meaning of our statutes. Even if our statutes were construed so as to encompass the actions of the defendant, such action would raise due process concerns as to whether the defendant purposely availed itself of the privileges of conducting business activities in the State of Connecticut thereby invoking the benefits and protections of our laws. See Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228,2 L.Ed.2d 1283, 1290 (1958).
Accordingly, the Motion to Dismiss is granted.
RUSH, JUDGE